# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| MISTY ROMERO, <br> O/B/O RICARDO ROMERO <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 3:15-CV-05126-DGK-SSA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **ORDER AFFIRMING THE COMMISSIONER'S DECISION**

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Ricardo Romero's[1] applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments including degenerative joint disease, bilateral shoulder arthritis, bipolar affective disorder, anxiety, and a history of alcohol abuse, but retained the residual functional capacity ("RFC") to perform a range of sedentary work. The ALJ also found that if Plaintiff was not abusing alcohol, his impairments would not preclude him from performing work that exists in significant numbers in the national economy, including work as a general assembler, table worker, and sealer. Hence, Plaintiff's substance abuse was a contributing factor material to the determination of disability, and Plaintiff was not disabled.

---

[1] Plaintiff passed following the ALJ's most recent decision. Though his widow, Misty Romero, has been substituted as plaintiff, the Court refers to the deceased as Plaintiff throughout the brief.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his applications on September 5, 2008, alleging a disability onset date of July 25, 2008. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, and on July 16, 2010, issued a decision finding Plaintiff was not disabled. After the Appeals Council denied Plaintiff's request for review, Plaintiff appealed to the United States District Court. At Defendant's request, the Court remanded the case for additional consideration.

On July 23, 2012, the Appeals Council directed the ALJ to re-examine the decision that Plaintiff could perform his past work. On November 21, 2013, after holding a second hearing, the ALJ found Plaintiff was not disabled. The ALJ found there were no jobs existing in significant numbers in the national economy that Plaintiff could currently perform, but absent his substance abuse, he would be able to perform some sedentary work.

Plaintiff then filed another request for review with the Appeals Council. While this appeal was pending, Plaintiff passed away. The Appeals Council denied Plaintiff's request for review on November 10, 2015, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[2] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ

---

[2] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)-(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

erred: (1) in finding his substance abuse was material; and (2) in failing to support the RFC determination with substantial evidence. Both arguments are unavailing.

**I.     The ALJ did not err in finding Plaintiff's substance abuse was a contributing factor material to his disability.**

Plaintiff argues the case should be remanded because the ALJ's conclusion that Plaintiff's alcohol abuse was a contributing factor material to his finding of disability is not supported by substantial evidence. Plaintiff argues the ALJ erred by finding that Plaintiff's alcoholism was not in remission and for giving little weight to the opinions of his treating doctors that he suffered from moderate to extreme limitations even after excluding any limitations resulting from alcoholism.

In determining whether a claimant's alcohol abuse is a contributing factor to a determination of disability, the ALJ must first make a determination based on the five-step approach without segregating out any effects that might be due to substance abuse. *Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003). If the claimant's total limitations, including those from the effects of substance abuse disorders, indicate he or she is disabled, then the ALJ must determine which limitations remain after the effects of the substance abuse disorders are removed. *Id.* at 694-95. If after conducting this analysis the ALJ cannot tell whether the claimant's substance abuse is a contributing factor, then the ALJ must award benefits. *Id.* at 695.

There is substantial evidence on the record here supporting the ALJ's determination that Plaintiff could perform the full range of simple work absent any substance abuse. At the outset, the Court notes the ALJ's analysis of Plaintiff's limitations absent substance abuse is thoughtful and detailed; the eight page discussion comprises more than a third of the twenty-page decision.

4

R. at 467-75. And while a long opinion is not necessarily well-supported or well-reasoned, this one is.

Among other things, the ALJ discussed test results from a consultative psychological examination from June of 2008, when Plaintiff was not abusing alcohol, which indicated that his mental performance was quite good. R. at 272, 471. This supports the ALJ's decision.

The ALJ also gave good reasons for not crediting treating physicians' opinions that Plaintiff had disabling mental limitations even without his substance abuse. These medical providers based their opinions on observations made when they believed Plaintiff's alcoholism was in remission. The ALJ discredited these opinions because evidence in the record indicated Plaintiff's alcoholism was not, in fact, in remission during at least some of these periods. R. at 474. For example, in October of 2012, Plaintiff either told or left his treating psychiatrist, Dr. Paul Dobard, M.D., with the impression that his alcohol abuse had been in sustained remission for sixteen years, albeit with a recent relapse which resulted in a DWI. But evidence on the record shows that at times during these sixteen years Plaintiff drank excessively. On August 14, 2011, Plaintiff went to the emergency room due to being cut in the arm with a knife from behind. R. at 853. He reported that *after* he was cut, but *before* he went to the emergency room, he drank some beer. R. at 853. He also reported drinking 12 cans of beer a week. R. at 853. He returned to the emergency room a month later because he was vomiting blood due to what was diagnosed as acute alcohol intoxication. R. at 863, 866, 868. At that time, he reported drinking 48 cans of beer a week. R. at 864. These episodes suggest his alcoholism was not in remission as his treating providers believed when formulating their opinions. Thus, the ALJ did not err in discrediting their opinions, or in finding Plaintiff's substance abuse was a material factor contributing to his disability.

**II.     The ALJ's RFC determination is supported by substantial evidence.**

Plaintiff also argues the ALJ's RFC determination is not supported by substantial evidence because it should have included moderate restrictions on concentration, persistence, and pace. Plaintiff observes that in the process of determining whether Plaintiff's mental impairments met or equaled a listing at Step Three of the sequential evaluation process, the ALJ determined that Plaintiff had moderate difficulties with concentration, persistence, or pace. R. at 466.

As the ALJ noted, the findings at Step Three are not a residual functional capacity and are used only to rate the severity of a claimant's mental impairments. R. at 467. Further, a limitation to simple, routine, repetitive work which does not require close attention to detail sufficiently accounts for a claimant's moderate deficiencies in concentration, persistence, or pace. *See Brachtel v. Apfel,* 132 F.3d 417, 421 (8th Cir. 1997). Here, the ALJ found Plaintiff was limited to only occasional contact with coworkers and supervisors. R. at 467. This limitation not only accounts for his deficiencies in social interaction but also limits distractions which would interfere with his concentration. The ALJ also found that Plaintiff could not respond appropriately to usual work situations in a routine work setting that involve highly complex instructions or tasks such as analyzing multiple factors to make a decision. R. at 467. This finding is more specific and detailed than the "simple routine repetitive work which does not require close attention to detail" that the Eighth Circuit sanctioned in *Brachtel*. And by eliminating "highly complex instructions," the ALJ accounted for any concentration difficulties. Finally, by eliminating tasks that require analyzing multiple factors to make a decision, the ALJ accounted for the possibility that Plaintiff might lose pace or persistence with more complex tasks.

In sum, the ALJ sufficiently accounted for Plaintiff's moderate limitations in concentration, persistence, or pace, and so the RFC determination is supported by substantial evidence.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   August 11, 2017                             /s/ Greg Kays
                                                    GREG KAYS, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT